IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE:<br><br>**HAROLD A. OVERBY, JR.**<br><br>**SANDRA M. OVERBY,**<br><br>          **Debtor.** | CASE NO.: 07-00129-8<br><br>CHAPTER 7 |
| WALTER L. HINSON, TRUSTEE,<br><br>          Plaintiff,<br><br>v.<br><br>NEW CENTURY MORTGAGE, CORPORATION, FIDELITY NATIONAL TITLE, INSURANCE COMPANY OF NEW YORK, as Trustee; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), EMC MORTGAGE CORPORATION, KELLAM & PETTIT, P. A. as Trustee, NEW CENTURY BANK (GOLDSBORO), T. GLENN CHITTY, as Trustee; and, GREEN TREE SERVICING, LLC.<br><br>          Defendants. | Adversary Proceeding No.: 08-00074-8 |

**JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT**

    The undersigned counsel for plaintiff and undersigned counsel for defendants in the above-captioned matter make the following joint preliminary pretrial conference report:

    a.    The issues raised by the pleadings are:

1. Is the Senior Deed of Trust void as to the trustee pursuant to 11 U.S.C. § 544?

2. Is the Junior Deed of Trust void as to the trustee pursuant to 11 U.S.C. § 544?

3. Is the Third Deed of Trust void as to the trustee pursuant to 11 U.S.C. § 544?

4. Does equitable estoppel bar the Trustee's claims?

5. Does the doctrine of unclean hands bar the Trustee's claims?

6. Did Mr. Overby have actual, implied and/or apparent authority to execute the loan documents secured by the Senior Deed of Trust and the Junior Deed of Trust as Mrs. Overby's agent?

7. Did Mrs. Overby ratify the loan documents, including the Senior Deed of Trust and Junior Deed of Trust, purportedly signed by Mr. Overby?

8. Does the doctrine of waiver bar the Trustee's claims?

9. Does the doctrine of laches bar the Trustee's claims?

10. Do the doctrines of *res judicata* and collateral estoppel bar the Trustee's claims as to the validity and enforceability of the Senior Deed of Trust and the underlying debt it secures?

11. To the extent that the First Deed of Trust and Second Deed of Trust are not valid and enforceable first and second priority liens against the Property, respectively, should the Court equitably subrogate or equitably assign the First Deed of Trust and Second Deed of Trust to the priority of the preexisting debts to the extent that payments from the First and Second Deeds of Trust were used to pay preexisting debts secured by the Property?

12. If the First Deed of Trust and Second Deed of Trust are determined to be invalid, are Defendants entitled to rescind the First Note, First Deed of Trust, Second Note and Second Deed of Trust and to an allowed claim against Mr. Overby in an amount to be determined at trial as a result of his fraud?

13. If the First Deed of Trust and Second Deed of Trust are invalid, are Defendants entitled to monetary damages, an equitable lien or a constructive trust as a result of the unjust enrichment of the Debtors and/or the bankrupt estate?

b.  This is a core proceeding and the parties agree that jurisdiction and venue are proper.

c.  At the time of the filing of this joint preliminary pretrial conference report, no motions are pending.

d.  The parties anticipate that the Trustee will move to join CitiMortgage, will dismiss New Century Mortgage, and will move to amend his complaint to reflect the changes to the parties.

e.  Parties will make disclosures under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure not later than 30 days after CitiMortgage answers.

f.  The parties expect to require four months for discovery after initial disclosures are served. The parties request that the commencement of the discovery period be delayed until all necessary parties have been joined, served, and have responded to the allegations of the expected amended complaint. The proposed four month schedule contemplates only fact discovery. Should expert discovery be required, such as handwriting analysis, the parties request that the discovery deadlines be set without prejudice to the parties' ability to request an additional sixty days for expert discovery and a disclosure schedule.

g.  The parties request that the usual discovery limitations apply in this case.

h.  No expert witnesses have been designated at this time.

i.  The parties have demanded a jury trial.

j.  The parties have not engaged in settlement discussions at this time.

k.  The parties have not considered voluntary or court ordered mediation or arbitration at this time.

l.  The parties anticipate the need only for a final pretrial conference.

WHEREFORE, undersigned counsel for the plaintiff and the defendants named herein make the foregoing joint preliminary pretrial conference report.

Dated: October 27, 2008.

/s/ Walter L. Hinson
Walter L. Hinson
Hinson and Rhyne, P.A.
Post Office Box 7479
Wilson, North Carolina 27895
Telephone:	(252) 291-1746
E-mail:	walterhinson@hinsonrhyne.com

*Chapter 7 Bankruptcy Trustee*

/s/ James L. Gale
James L. Gale
N.C. Bar No. 6160
SMITH MOORE LLP
Two Hannover Square, Suite 2800 (27601)
Post Office Box 27525
Raleigh, North Carolina  27611
Telephone:	(919) 755-8700
Facsimile:	(919) 755-8800
E-mail:	jim.gale@smithmoorelaw.com

/s/ Neale T. Johnson
Neale T. Johnson
N.C. Bar No. 25590
SMITH MOORE LLP
300 North Greene Street, Suite 1400 (27401)
Post Office Box 21927
Greensboro, North Carolina 27420
Telephone:	(336) 378-5200
Facsimile:	(336) 378-5400
E-mail:	neale.johnson@smithmoorelaw.com

*Attorneys for Defendants Green Tree Servicing LLC, EMC Mortgage Corporation and New Century Mortgage Corporation*

/s/ Michael P. Flanagan
Michael P. Flanagan
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone:	(252) 215-4017
Facsimile:	(252) 215-4077
E-mail:	mpf@wardandsmith.com

/s/ Paul A. Fanning
Paul A. Fanning
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone:	(252) 215-4027
Facsimile:	(252) 215-4077
E-mail:	paf@wardandsmith.com

*Attorneys for Defendants New Century Bank and T. Glenn Chitty*